

January 26, 2026

**Janice S. Agresti**
Direct Phone    212-453-3978
Direct Fax       646-588-1558
jsuedagresti@cozen.com

**VIA ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
Courtroom: 18A

**MEMO ENDORSED**

**Re:**    **Noheli Sandoval Laya v. Harvard Maintenance Inc., et al.;**
         **Docket No.: 1:24-cv-09615-ALC**

Dear Judge Cave:

Our firm represents the Defendant in the above-referenced action. Pursuant to Rule 37.2, we write to respectfully request a pre-motion conference to address The New York Center for Children's ("NYCC") refusal to comply with a subpoena for medical and mental-health treatment records.

On November 4, 2025, we served NYCC with a subpoena requesting Plaintiff's complete treatment file. The subpoena included a HIPAA-compliant authorization signed by Plaintiff Noheli Sandoval, expressly permitting NYCC to disclose the requested medical and mental-health records.

Despite having served a subpoena accompanied by a valid HIPAA-compliant authorization executed by Plaintiff, NYCC has stated that it will not release any records without a court order. Our office has attempted to resolve this issue through good-faith efforts, including multiple email communications. Nevertheless, NYCC continues to refuse production in the absence of judicial direction, leaving us unable to obtain the records without the Court's intervention.

The records sought are directly relevant to the issues raised in this litigation. Plaintiff asserts claims for hostile work environment, sexual harassment, and retaliation, and alleges that these experiences caused significant emotional distress, including anxiety, trauma-related symptoms, and other mental and emotional harm. Plaintiff received treatment at The New York Center for Children during the period in which these symptoms were present, and the records are therefore essential to evaluating the nature, extent, and causation of Plaintiff's emotional distress. These records may further bear on whether Plaintiff's symptoms are attributable to the alleged workplace conduct, whether they pre-date or post-date the events at issue, the severity and duration of Plaintiff's distress, and the appropriate scope of damages. As such, the treatment records maintained by NYCC fall squarely within the permissible scope of discovery.

Hon. Sarah L. Cave
January 26, 2026
Page 2

_____

Thank you for Your Honor's consideration.

Respectfully submitted,

Cozen O'Connor

By Janice S. Agresti

JSA:ym

The Court is in receipt of Defendant's motion for a Local Rule 37.2 conference.  (Dkt. No. 33 (the "Motion")).  NYCC shall respond to  the Motion by **Tuesday, February 10, 2026.**

Defendant is ORDERED to promptly serve Dkt. No. 33 and a copy of this Order on NYCC.

SO ORDERED  1/27/26

SARAH L. CAVE
United States Magistrate Judge