UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOHELI SANDOVAL LAYA,

Plaintiff,

-v-

CIVIL ACTION NO.: 24 Civ. 9615 (ALC) (SLC)

HARVARD MAINTENANE, INC., et al.,

**ORDER**

Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court has received the letter response of the New York Center for Children ("NYCC")

to Defendant's request for a premotion conference in anticipation of a motion to compel (Dkt.

No. 33 (the "Motion")) via mail.  (Exhibit A).  The Motion is GRANTED and NYCC shall produce

Plaintiff's complete medical and mental health treatment file by **Monday, March 16, 2026**.

Dated:       New York, New York
             February 13, 2026

SO ORDERED.

SARAH L. CAVE
**United States Magistrate Judge**



February 9, 2026

To: Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Courtroom: 18A

**Re: Noheli Sandoval Laya v. Harvard Maintenance Inc., et al.;**
**Docket No: 1:24-cv-09615-ALC**

**Response to Motion Filed by Janice S. Agresti on January 26, 2026**

Dear Judge Cave,

We are writing this in response to the motion filed by Janice Agresti regarding the above-referenced action.

Due to the significantly sensitive nature of the material contained in our records, our clinic policy is not to release any records to third parties in the absence of a judicial subpoena. Our ultimate goal is to protect our clients and avoid over-disclosing the information shared under the protection of confidentiality.

This policy was communicated to Ms. Agresti and her colleagues by our (now former) attorney verbally and in writing (via email) on December 11, 2025 and December 12, 2025. Ms. Blau explained that we are ready to produce the requested documentation once we receive a judicial subpoena/court order. I also reiterated this policy via email on January 14, 2026 when Ms. Agresti's team reached out again. Copies of these emails are included with this letter for Your Honor's reference.

We understand the importance of the materials to the case. We are ready to comply with an order or subpoena from you, as per our clinic policy.

We would also like to explore the possibility of Your Honor reviewing the records separately such as an in camera review, prior to distribution of the relevant materials to Ms. Agresti's team. This may prevent the risk of unnecessary over-disclosure and maintain our client's confidentiality to the extent it is possible.

Thank you for Your Honor's time and attention to this matter.

Respectfully,

Christine Crowther, Executive Director

 Gmail                                                                    Christine Crowther <ccrowther@newyorkcenterforchildren.org>

---

## FW: New York Center for Children - Subpoena

Blau, Erica P <Erica.Blau@aig.com>
To: Christine Crowther <ccrowther@newyorkcenterforchildren.org>
Cc: "Harper, Jarod D" <Jarod.Harper@aig.com>

PRIVILEDGED AND CONFIDENTIAL


From: Blau, Erica P
Sent: Friday, December 12, 2025 10:52 AM
To: 'Agresti, Janice Sued' <JAgresti@cozen.com>; McDonald, Sidnee <SMcDonald@cozen.com>
Subject: RE: New York Center for Children - Subpoena


Thank you both for your follow-up.  We appreciate your cooperation and understand your position.


For NYCC, our interest is to ensure that all disclosures of mental health records are handled with appropriate safeguards given the sensitivity of mental health information and the requirements of HIPAA and New York law. Ou protecting third-party information that may be contained in the chart, and ensuring that privileged or psychotherapy-related material is not inadvertently released.


For these reasons, and consistent with our standard practice, we release mental health treatment records to third parties pursuant to court orders that specify the scope of the disclosure.


Once you are able to obtain a court order authorizing the release, we will produce the records.


Thank you, and happy to discuss further if helpful.


Regards, Erica



From: Agresti, Janice Sued <JAgresti@cozen.com>
Sent: Thursday, December 11, 2025 4:29 PM
To: McDonald, Sidnee <SMcDonald@cozen.com>; Blau, Erica P <Erica.Blau@aig.com>
Subject: [EXTERNAL] RE: New York Center for Children - Subpoena


This message is from an external sender; be cautious with links and attachments.

Ms. Blau:


Please also note that the HIPAA authorization provided specifically references the release of mental health records. Thank you very much for your assistance.

#81224547v1<LEGAL> - 2025 1031 - Rebecca Jacobs Subpoena - Adobe Acrobat

File   Edit   View   E-Sign   Window   iManage   Help

Home      Tools        2025 1031 - Rebec... ×

7. Name and address of health provider or entity to release this information:

Rebecca Jacobs, LMSW. Therapist at The New York Center For Children, 333 East 70th Street, New York, NY 10021. E: rjacobs@newyorkce

**8. Name and address of person(s) or category of person to whom this information will be sent:**

Cozen O' Connor, P.C., 3 WTC, 175 Greenwich Street, 56th Floor, New York, NY 10007. Phone: 212-453-3978 / Fax: 646

**9(a). Specific information to be released:**

☒ Medical Record from (insert date) _____11/01/2023_____ to (insert date) _____Present_____

☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results referrals, consults, billing records, insurance records, and records sent to you by other health care provi(

☐ Other: _____

_____

Include: (*Indicate by In*

___RJS___ **Alcohol/Dru**

___RJS___ **Mental Hea**

___RJS___ **HIV-Relate**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
　　　　　　　　　　　　　　Initials　　　　　　　　　　　　　Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>　☐ At request of individual<br>　☒ Other:  Litigation | 11. Date or event on which this authorizat<br><br>End of Litigation |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition,

8.50 x 11.00 in opy of the form.

Regards,

Janice

**Janice Sued Agresti**
**Member | Cozen O'Connor**
3 WTC, 175 Greenwich Street 55th Floor | New York, NY 10007
P: 212-453-3978 F: 646-588-1558
Email | Map | cozen.com

**From:** McDonald, Sidnee <SMcDonald@cozen.com>
**Sent:** Thursday, December 11, 2025 4:13 PM
**To:** Erica.Blau@aig.com
**Cc:** Agresti, Janice Sued <JAgresti@cozen.com>
**Subject:** RE: New York Center for Children - Subpoena

Ms. Blau,

You have been served with a subpoena, which is a legal order compelling the health provider to produce documents for the matter of Noheli Sandoval Laya v. Harvard Maintenance Inc., et. al., Docket No.: 1:24-cv-09615-ALC subpoena was provided in the course of litigation by the patient's lawyers, and it is signed by the patient. Accordingly, from our viewpoint, the medical provider has been provided with a proper subpoena that is duly executed.

Thank you.

Best,

Sidnee

**Sidnee McDonald**
**Associate Attorney | Cozen O'Connor**
One Oxford Centre, 301 Grant Street 41st Floor | Pittsburgh, PA 15219
P: 412-620-6588 F: 412-275-2377
Email | Map | cozen.com

**From:** Blau, Erica P <Erica.Blau@aig.com>
**Sent:** Thursday, December 11, 2025 3:12 PM
**To:** McDonald, Sidnee <SMcDonald@cozen.com>
**Subject:** New York Center for Children - Subpoena

**EXTERNAL SENDER**

Hi Sidnee,

Further to our conversation regarding the subpoena dated November 14, 2025, for Ms. Sandoval's records, including the signed OCA 960 authorizing release of mental health information, we wanted to confirm our position in

2/5/26, 4:18 PM
Case 1:24-cv-09615-ALC-SLC   Document 36   Filed 02/13/26   Page 6 of 12
The New York Center for Children Mail - FW: New York Center for Children - Subpoena

Given the heightened confidentiality protections applicable to mental health treatment records under HIPAA and New York Mental Hygiene Law, our standard practice is to produce such records pursuant to a court order that s order before releasing any mental health records for Ms. Sandoval.

Regards,

Erica Blau, Esq.

212-770-7039

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in ei promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited recipient(s) is not a waiver of any attorney/client or other privilege.*

Case 1:24-cv-09615-ALC-SLC    Document 36    Filed 02/13/26    Page 7 of 12

 Gmail                                                                    **Christine Crowther <ccrowther@newyorkcenterforchildren.org>**

---

## Subpoena Served to the New York Center for Children – Sandoval Laya v. Harvard Maintenance Inc., et al.

---

**Christine Crowther** <ccrowther@newyorkcenterforchildren.org>                    Wed, Jan 14, 2026 at 12:23 PM
To: "Marroquin, Yanin" <YMarroquin@cozen.com>, "McDonald, Sidnee" <SMcDonald@cozen.com>

Dear Yanin:

Thank you for your email and for following up.

We had previously communicated to you that our Center requests a judicial subpoena/court order to release records.

We will produce the records upon receipt of a judicial subpoena for the requested documents.

Thank you,

Christine Crowther
Executive Director
The New York Center for Children


On Wed, Jan 14, 2026 at 11:14 AM Marroquin, Yanin <YMarroquin@cozen.com> wrote:

> Dear Mr. Crowther,
>
>
> Thank you for your response. Please advise whether you will be producing the requested documents by tomorrow. The response to the subpoena is overdue, and we are limited in time due to upcoming depositions.
>
>
> Your prompt attention to this matter is greatly appreciated.
>
>
> Sincerely,
> Yanin

---

Case 1:24-cv-09615-ALC-SLC    Document 36    Filed 02/13/26    Page 8 of 12



**Yanin Marroquin**
**Paralegal | Cozen O'Connor**
811 Main St., Suite 2000 | Houston, TX 77002
P: 713-750-3159
Email | Map | cozen.com

**From:** Christine Crowther <ccrowther@newyorkcenterforchildren.org>
**Sent:** Wednesday, January 7, 2026 1:30 PM
**To:** Marroquin, Yanin <YMarroquin@cozen.com>
**Cc:** McDonald, Sidnee <SMcDonald@cozen.com>
**Subject:** Re: Subpoena Served to the New York Center for Children – Sandoval Laya v. Harvard Maintenance Inc., et al.

**EXTERNAL SENDER**

Dear Yanin:

Thank you for your email and for following up.   We hope you had a nice holiday as well.

We are currently looking into the matter.

Many thanks,

Christine Crowther
Executive Director

The New York Center for Children

On Tue, Jan 6, 2026 at 3:19 PM Marroquin, Yanin <YMarroquin@cozen.com> wrote:

Dear Ms. Crowther,

I hope you had a wonderful holiday season. I am following up on my previous email regarding this matter. We kindly request your response no later than tomorrow at 5:00 PM EST.

Case 1:24-cv-09615-ALC-SLC   Document 36   Filed 02/13/26   Page 9 of 12

Please let me know if you require any additional information or documentation to proceed.

Thank you for your attention to this matter.

Sincerely,

Yanin



**Yanin Marroquin**
**Paralegal | Cozen O'Connor**
811 Main St., Suite 2000 | Houston, TX 77002
P: 713-750-3159
Email | Map | cozen.com

**From:** Marroquin, Yanin
**Sent:** Tuesday, December 23, 2025 7:18 PM
**To:** ccrowther@newyorkcenterforchildren.org
**Cc:** McDonald, Sidnee <SMcDonald@cozen.com>
**Subject:** Subpoena Served to the New York Center for Children – Sandoval Laya v. Harvard Maintenance Inc., et al.

Dear Ms. Crowther,

I hope this message finds you well.

I am following up regarding a subpoena that was served to the New York Center for Children in connection to *Noheli Sandoval Laya v. Harvard Maintenance Inc., et al.*, Docket No. 1:24-cv-09615-ALC, requesting Ms. Sandoval Laya's mental health records. Attached please find the subpoena along with the corresponding HIPAA authorization.

Please let me know if you need anything further.

Kind regards,

Yanin

 **COZEN O'CONNOR**

**Yanin Marroquin**
**Paralegal | Cozen O'Connor**
811 Main St., Suite 2000 | Houston, TX 77002
P: 713-750-3159
Email | Map | cozen.com

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*



January 26, 2026

**VIA ECF**

**Janice S. Agresti**
Direct Phone   212-453-3978
Direct Fax       646-588-1558
jsuedagresti@cozen.com

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
Courtroom: 18A



**Re:    Noheli Sandoval Laya v. Harvard Maintenance Inc., et al.;**
**Docket No.: 1:24-cv-09615-ALC**

Dear Judge Cave:

Our firm represents the Defendant in the above-referenced action. Pursuant to Rule 37.2, we write to respectfully request a pre-motion conference to address The New York Center for Children's ("NYCC") refusal to comply with a subpoena for medical and mental-health treatment records.

On November 4, 2025, we served NYCC with a subpoena requesting Plaintiff's complete treatment file. The subpoena included a HIPAA-compliant authorization signed by Plaintiff Noheli Sandoval, expressly permitting NYCC to disclose the requested medical and mental-health records.

Despite having served a subpoena accompanied by a valid HIPAA-compliant authorization executed by Plaintiff, NYCC has stated that it will not release any records without a court order. Our office has attempted to resolve this issue through good-faith efforts, including multiple email communications. Nevertheless, NYCC continues to refuse production in the absence of judicial direction, leaving us unable to obtain the records without the Court's intervention.

The records sought are directly relevant to the issues raised in this litigation. Plaintiff asserts claims for hostile work environment, sexual harassment, and retaliation, and alleges that these experiences caused significant emotional distress, including anxiety, trauma-related symptoms, and other mental and emotional harm. Plaintiff received treatment at The New York Center for Children during the period in which these symptoms were present, and the records are therefore essential to evaluating the nature, extent, and causation of Plaintiff's emotional distress. These records may further bear on whether Plaintiff's symptoms are attributable to the alleged workplace conduct, whether they pre-date or post-date the events at issue, the severity and duration of Plaintiff's distress, and the appropriate scope of damages. As such, the treatment records maintained by NYCC fall squarely within the permissible scope of discovery.

Hon. Sarah L. Cave
January 26, 2026
Page 2

Thank you for Your Honor's consideration.

Respectfully submitted,

Cozen O'Connor

*Janice Deel Agresti*

By Janice S. Agresti

JSA:ym

The Court is in receipt of Defendant's motion for a Local Rule 37.2 conference. (Dkt. No. 33 (the "Motion")). NYCC shall respond to the Motion by **Tuesday, February 10, 2026.**

Defendant is ORDERED to promptly serve Dkt. No. 33 and a copy of this Order on NYCC.

SO ORDERED 1/27/26

SARAH L. CAVE
United States Magistrate Judge